IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV653

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MTG OF THE CAROLINAS, INC. dba BUCK | ) | |
| WILD RESTAURANT AND SALOON, and | ) | |
| MICHAEL W. LONG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon the Plaintiff's Motion for Default Judgment against Defendant Michael W. Long ("Long") pursuant to Rule 55 of the Federal Rules of Civil Procedure. The case against the other two Defendants was voluntarily dismissed without prejudice on June 22, 2011.  Default was entered against Long on April 19, 2011.

Plaintiff is a closed-circuit distributor of sports and entertainment programming. Plaintiff purchased the territorial rights to broadcast a boxing match (the "Program"), which was broadcast on December 27, 2008.  Plaintiff entered into sublicensing agreements with various commercial entities, such as bars and restaurants, by which it granted limited public exhibition rights for the benefit and entertainment of their patrons.  The interstate transmission of the match was encrypted and made available only to Plaintiff's customers.  Plaintiff alleges in its Complaint that Long or his employees and/or agents unlawfully intercepted and intentionally broadcast the Program in his establishment, Buck Wild Restaurant and Saloon, for the purpose of direct or indirect commercial advantage, thereby violating Section 605 of the Federal

Communications Act of 1934, as amended, and Title 47 U.S.C. § 553 and accompanying telecommunications statutes. Plaintiff is seeking $110,000 in statutory damages, attorneys' fees in the amount of $1,250.00 and costs in the amount of $508.00.

A party aggrieved under these statutes may recover either actual or statutory damages. 47 U.S.C. §§ 553(c)(3)(A), 605(e)(3)(C). Statutory damages are appropriate where, as here, actual damages are difficult to prove. *See Lauretex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F.Supp. 730, 732 (S.D.N.Y. 1981). Statutory damages may be awarded up to $10,000.00 for each violation. 47 U.S.C. §§ 553(c)(3)(A)(ii), 605(e)(3)(C)(i)(II).

Although there is no set rule for calculating statutory damages under §605(e)(3)(c)(II), courts have considered certain factors in determining the amount of statutory damages to which a plaintiff is entitled. *See generally Universal Sports Network, Inc. v. Jimenez*, 2002 U.S. Dist. LEXIS 17709 (N.D. Cal. 2002) (considering intent to realize personal gain, repeat offenses, and the extent of the rebroadcast); *Kingvision Pay-Per-View, Ltd. v. Rivers*, 2000 U.S. Dist. LEXIS 4338 (N.D. Cal. 2000) (considering repeat offenses and awarding the statutory minimum only where one defendant was already out of business). Probably the most important factor in determining damages is the deterrent effect of the award. Many courts factor deterrence into their damage enhancement for §605(e)(3)(C)(ii). *See Entertainment By J&J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F.Supp. 2d 769, 776 (S.D.Tex. 2002) (court awarded three times what the defendant would have paid to broadcast the event). Requiring a defendant to "pay the price it would have been charged to obtain legal authorization to display the Event does nothing to accomplish the objective of the statute." *Id*. Plaintiff has filed a Rate Card indicating that an establishment that accommodates up to 400 patrons pays a sublicense fee of $1,500.00 to broadcast the program. However, there is no evidence of the capacity of the Buck Wild

Restaurant and Saloon.    In order to have a deterrent effect, the statutory damages must exceed this amount.  Accordingly, the court will award the statutory maximum of $10,000.

In addition to statutory damages, if the court determines that the violations were committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may award enhanced damages of up to $100,000.00 for each violation under §605(e)(3)(C)(ii) and $50,000.00 under §553(c)(3)(B)(III).  Plaintiff has requested that the court award it $100,000 in enhanced damages.

In this case, the Plaintiff has sufficiently established that the violations were not innocent and the court finds that enhanced damages are appropriate.  However, the court is faced with the task of balancing the need for deterrence against effectively putting an establishment out of business in an economy that can ill afford more loss of jobs.  Accordingly, the court, in its discretion, will award enhanced damages of $5,000.00.  The court finds that a damage award of $15,000 is likely to deter future transgressions while preserving the business of the Defendant. Accordingly,

IT IS THEREFORE ORDERED that Judgment is hereby entered against Michael W. Long in the amount of $15,000, plus $1,758.00 in attorneys' fees and costs.

Signed: November 8, 2011

Graham C. Mullen
United States District Judge